[No. 4968-1. Division One. March 13, 1978.]

DOUGLAS D. HUNTER, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

474

*William J. Van Natter*, for appellant.

*Slade Gorton, Attorney General*, and *William T. Scharnikow, Assistant*, for respondent.

PER CURIAM.—Douglas D. Hunter appeals an order dismissing his claim under the industrial insurance act, RCW 51, for lack of subject matter jurisdiction. Hunter was a King County deputy sheriff at the time of his injury on August 2, 1963, and has been receiving a disability allowance under the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF) since his retirement on September 8, 1970. The trial court held that LEOFF, RCW 41.26, which took effect on July 1, 1969, removed Hunter from workmen's compensation coverage. We affirm.

In *Taylor v. Redmond*, 89 Wn.2d 315, 571 P.2d 1388 (1977), the Supreme Court held that LEOFF supersedes

RCW 51, *i.e.*, the latter is no longer applicable to police officers or fire fighters. Hunter argues, however, that his right to workmen's compensation coverage vested on the date of his injury and that the subsequently enacted LEOFF may not impair that right. The issue, then, is whether LEOFF may be applied retroactively to abolish preexisting workmen's compensation claims.

■■ The rules on the retroactive application of statutes may be summarized thusly:

> Statutes normally will be construed to operate prospectively only, unless a contrary intent appears. *Bodine v. Department of Labor & Indus.*, 29 Wn.2d 879, 190 P.2d 89 (1948); *Anderson v. Seattle*, 78 Wn.2d 201, 471 P.2d 87 (1970). Such an application is urged by plaintiffs. Where, however, a statute is remedial and its remedial purpose is furthered by retroactive application, the presumption favoring prospective application is reversed. *State v. Heath*, 85 Wn.2d 196, 532 P.2d 621 (1975); *Snow's Mobile Homes, Inc. v. Morgan*, 80 Wn.2d 283, 494 P.2d 216 (1972); *Pape v. Department of Labor & Indus.*, 43 Wn.2d 736, 264 P.2d 241 (1953). Remedial statutes, in general, afford a remedy, or better or forward remedies already existing for the enforcement of rights and the redress of injuries. 3 Sutherland, *Statutory Construction* § 60.02 (4th rev. ed. 1974).

*Haddenham v. State,* 87 Wn.2d 145, 148, 550 P.2d 9 (1976). The fundamental objective of LEOFF is to provide benefits to police officers and fire fighters upon their disability or retirement and to their dependents upon their disability or death. RCW 41.26.020; *Hanson v. Seattle,* 80 Wn.2d 242, 493 P.2d 775 (1972). Prior to the enactment of LEOFF, they were covered in a similar fashion by the industrial insurance act, RCW 51. The intent of the legislature was to reform existing rights, not to impair the substantive rights of employees or alter the obligations of their employment contracts. *See Davis v. United Fruit Co.,* 120 So. 2d 273 (La. Ct. App. 1960) and *Mlodozeniec v. Worthington Corp.,* 9 App. Div. 2d 21, 189 N.Y.S.2d 468 (1959). Such a statute is remedial in nature and is not subject to the general rule against retroactivity.

■ Hunter has a remedy under LEOFF; he has been receiving LEOFF benefits for more than 7 years. The application of the act to an injury that occurred before its enactment has not impaired Hunter's substantive rights, nor has it interfered with any contract obligations owed him. He cannot, however, recover for his injury under both LEOFF and the industrial insurance act. *Taylor v. Redmond, supra.*

■ We reject Hunter's contention that the applicability of LEOFF cannot be raised before the Superior Court because it had not previously been raised before the Board of Industrial Insurance Appeals. The trial court is under a duty to notice and apply all pertinent statutes. *See Chmela v. Department of Motor Vehicles,* 88 Wn.2d 385, 561 P.2d 1085 (1977). Further, because LEOFF has superseded the industrial insurance act insofar as police officers and fire fighters are concerned, the trial court was without jurisdiction to grant relief under RCW 51. *Taylor v. Redmond, supra.* A challenge to jurisdiction over the subject matter may be raised at any time. *Williams v. Poulsbo Rural Tel. Ass'n,* 87 Wn.2d 636, 555 P.2d 1173 (1976).

Affirmed.

Reconsideration denied May 11, 1978.

Review denied by Supreme Court October 20, 1978.