JOHN W. BURGESS AND LINDA M. BURGESS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burgess v. Commissioner
Docket Nos. 26484-82, 21629-83.
United States Tax Court
T.C. Memo 1986-228; 1986 Tax Ct. Memo LEXIS 380; 51 T.C.M. (CCH) 1138; T.C.M. (RIA) 86228; June 5, 1986. Richard A. Jessup and Marc H. Cochran, for the petitioners. *
Robert E. Casey and Michael R. McMahon, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies *381 in petitioners' Federal income tax for the taxable years 1978, 1979, and 1980 in the following amounts: Year
Deficiency
1978
$2,341
1979
2,922
1980
4,026
The issues for decision are: (1) Whether the Washington Law Enforcement Officers' and Fire Fighters' Retirement System (Title 41, Chapter 41.26 of the Wash. Rev. Code Ann. (1974 Supp.)) is "in the nature of a workmen's compensation statute" for the purposes of section 104(a)(1)[1]; and, if so (2) Whether petitioner John W. Burgess' disability arose from participation in activities carried out in the line of duty. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners John W. Burgess (petitioner or Burgess) and Linda M. Burgess were husband and wife, residing in Sumner, Washington, when they filed the petitions in this case. Their joint Federal income tax returns for the calendar years 1978, 1979, and 1980 were timely *382 filed with the Internal Revenue Service, Ogden, Utah. Burgess served as a probationary "fire fighter" [2] with the city of Auburn in conjunction with the Public Employment Program (PEP) [3] which supplied partial funding for petitioners' position. To be hired and paid exclusively by the city of Auburn as a fire fighter, petitioner had to pass the Civil Service Examination. While a probationary fire fighter, Burgess did take the Civil Service Examination but failed to pass the agility portion of the exam. *383 The fire chief for the city of Auburn suggested that petitioner pursue some plan to build up strength in his arms in order to pass the agility test and become a better fireman. PEP allocated the funds to pay for petitioner's enrollment in a physical conditioning class. On November 15, 1973, petitioner fractured his elbow while participating in the conditioning class. Pursuant to Wash. Rev. Code Ann. sec. 41.26.120 (Supp. 1974), petitioner applied for disability benefits. Initially the city of Auburn Disability Board (the Board) determined that petitioner was not covered under the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF System). Burgess appealed to the state of Washington which confirmed petitioner's coverage under the LEOFF System and sent the matter back to the Board. Because petitioner was employed by the Auburn Fire Department prior to September 30, 1977, he was covered by the LEOFF System and entitled to benefits from the Washington State Department of Retirement Systems. Wash. Rev. Code Ann. sec. 41.26.005 (Supp. 1974). On rehearing, the Board found that petitioner was disabled for duty as a fire fighter starting November 15, 1973, and *384 that the disability was not incurred in the line of duty. Petitioner began receiving disability retirement benefits pursuant to Wash. Rev. Code Ann. sec. 41.26.130 (Supp. 1974) in 1975. [4] These amounts were excluded from gross income by petitioner under section 104(a)(1). The Commissioner denied the exclusion for the years 1978, 1979, and 1980 resulting in additional tax of $2,341, $2,922 and $4,026, respectively. The sole basis for the issuance of the two notices of deficiency in this case was the Commissioner's determination that pension benefits *385 received by petitioner in 1978, 1979, and 1980 were not excludable from income under section 104(a)(1). OPINION The taxation of personal injury payments is governed principally by section 104. Section 104(a)(1) provides an exclusion from gross amounts of "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." However, benefits need not be received under a statute defined as a workmen's compensation act to qualify for this exclusion. Section 1.104-1(b), Income Tax Regs., excludes amounts received "under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Respondent argues that the LEOFF System is not "in the nature of a workmen's compensation act" and that the benefits petitioner received thereunder are includable in gross income. We agree with respondent that the LEOFF System as far as providing benefits under Wash. Rev. Code Ann. sec. 41.26.120, supra, is not "in the nature of a workmen's *386 compensation act." Therefore, we need not reach the issue of whether petitioner's injury was incurred in the line of duty. We begin our inquiry by examining the statutory schemes under which the state of Washington compensates its work force for injury or sickness. [5]
The Washington Workmen's Compensation Act, Title 51, Wash. Rev. Code Ann. sec. 51.32.010 (Supp. 1974) specifically limits coverage of the act to "[e]ach worker injured in the course of his or her employment." (Emphasis added.) However, police and fire fighters are not covered under the Washington Workmen's Compensation Act. Title 51 of the Wash. Rev. Code Ann. sec. 51.12.050 (Supp. 1974) provides that: Whenever and so long as, by state law, city charter, or municipal ordinance, provision is made for employees or peace officers injured in the course of employment, *387 such employees shall not be entitled to the benefits of this title * * *. Such provision is found for law enforcement officers and fire fighters in Title 41, Chapter 41.26, Wash. Rev. Code Ann. (Supp. 1974) (the LEOFF System), thereby excluding them from coverage under the Washington Workmen's Compensation Act, supra.[6]Hunter v. Department of Labor & Industries,19 Wash. App. 473, 576 P.2d 69 (1978). Disability retirement payments are specifically provided under the LEOFF System in Wash. Rev. Code Ann. sec. 41.26.120, supra, subject only to the requirements *388 of Wash. Rev. Code Ann. sec. 41.26.005 (Supp. 1974), that "[t]he provisions of the following sections of this chapter shall apply only to persons who establish membership in the retirement system on or before September 30, 1977." Petitioner established membership in the retirement system before September 30, 1977. As a result, he falls under the LEOFF System and is eligible to receive benefits from the Washington State Department of Retirement Systems under the authority of Wash. Rev. Code Ann. sec. 41.26.120, supra.[7]Wash. Rev. Code Ann. sec. 41.26.120, supra, states in pertinent part: Any member, regardless of his age or years of service may be retired by the disability board, subject to approval by the director as hereinafter provided, for any disability which has been continuous since his discontinuance of service and which renders him unable to continue his service, whether incurred in the line of duty or not. * * * [Emphasis added.] It is this section that we focus on in our determination of whether petitioner's benefits are excludable from gross income because *389 they arise from a statute "in the nature of a workmen's compensation act." A statute is "in the nature of a workmen's compensation act" if it allows disability payments only for duty-related personal injury or sickness. Riley v. United States,140 Ct. Cl. 381, 156 F. Supp. 751, 752 (1957); Haar v. Commissioner,78 T.C. 864, 868 (1982), affd. per curiam 709 F.2d 1207 (8th Cir. 1983); Dyer v. Commissioner,71 T.C. 560, 562 (1979). See also Rutter v. Commissioner,760 F.2d 466, 468 (2d Cir. 1985), affg. a Memorandum Opinion of this Court. [8] Although the LEOFF System is in lieu of coverage for police and fire fighters under the Washington Workmen's Compensation Act, supra, it does not become "in the nature of a workmen's compensation act" unless benefits are provided solely for work related injuries. Riley v. United States,supra;Haar v. Commissioner,supra; and Dyer v. Commissioner,supra.
*390 In Haar v. Commissioner,supra, we determined that the Civil Service Retirement Act was not a statute in the nature of a worker's compensation act because it provided for disability payments regardless of whether the injury or sickness occurred on-duty or off-duty. Thus, payments received thereunder were not excluded under section 104(a)(1). Similarly, petitioner's payments flow from a statute which provides benefits for police and fire fighters, without regard to whether the injury is non-duty or duty-related.[9]
*391 A statute with a dual purpose of providing workmen's compensation benefits and retirement benefits may meet criteria for exclusion of benefits under section 104(a)(1). That is, if particular benefits can be received only for duty related injury or sickness, it will then qualify as a payment from a statute "in the nature of a workmen's compensation act." Riley v. United States,supra;Frye v. United States,72 F. Supp. 405 (D. D.C. 1947); Take v. Commissioner,82 T.C. 630 (1984). In Riley v. United States,supra, the Court of Claims considered District of Columbia Code, D.C. Code Ann. sec. 4-507 (1951), which provides policemen retirement pay for disability contracted in the line of duty. [10] The same section provides a pension for the widow of any policeman who, before or after retirement, dies from any cause at all. In considering whether the widow's pension was excludable under section 104(a)(1), the court stated that: [T]he provision in the code for pensions for widows of policemen does not make their *392 payment dependent upon the cause of the husbands' deaths. If the plaintiff's husband had died of natural causes, her pension would have been the same as it was, and as it would have been if he had in fact been, before his death, retired for disability. [Riley v. United States, 140 Ct.Cl. at 382, 156 F. Supp at 752.] Thus, because there was no differentiation under the statute itself as to the nature of the pension the widow received, these benefits could not be excluded under section 104(a)(1). Yet, the disability payments to a policeman injured in the line of duty were payments received from a statute in the nature of a workmen's compensation act. Therefore, D.C. Code Ann. sec. 4-507 (1951) is a dual purpose statute providing workmen's compensation benefits and non-workmen's compensation benefits. Wash. Rev. Code Ann. sec. 41.26.120 (Supp. 1974) is unlike the District of Columbia statutes considered in Riley. *393 Section 41.26.120supra, provides benefits which are similar only to the widow's benefits under the District of Columbia statute. Like the widow's benefits, Wash. Rev. Code Ann. sec. 41.26.120, supra, provides benefits which are not dependent on whether an injury occurred in the line of duty or not. Thus, the statute at issue in this case is not a dual purpose statute within the meaning of Riley.
The Riley decision and those that have followed Haar v. Commissioner,78 T.C. 864 (1982) and Take v. Commissioner,supra, [11] have agreed that in order for a statute to be in the nature of a workmen's compensation act, payments arising thereunder must be paid only as a result of a disability incurred in the line of duty. These decisions are consonant with the accepted purpose and policy of workmen's compensation. "[T]he purpose of workmen's compensation statutes is to provide benefits to victims of work connected injuries and to ultimately place the cost of such injuries on the consumer." Take v. Commissioner,supra at 635. *394 (Emphasis added.)
Petitioner and the state of Washington have been unable to convince us that Wash. Rev. Code Ann. sec. 41.26.120, supra, which provides benefits for injury incurred "in the line of duty or not," is "in the nature of a workmen's compensation act" for Federal tax purposes. See Welch v. Helvering,290 U.S. 111 (1933). Because we have held that the Law Enforcement Officers' and Fire Fighters' Retirement System Act is not "in the nature of a workmen's compensation act," as far as providing benefits under Wash. Rev. Code Ann. sec. 41.26.120, supra, we need not reach the question of whether petitioner's injuries were incurred in the line of duty. Accordingly, Decisions will be entered for the respondent.
Footnotes
*. Brief amicus curiae was filed by Kenneth O. Eikenberry as Attorney General for the state of Washington.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. Wash. Rev. Code Ann. sec. 41.26.030(4) (Supp. 1974) states: (4) "Fire fighter" means: (a) any person who is serving on a full time, fully compensated basis as a member of a fire department of an employer and who is serving in a position which requires passing a civil service examination↩ for fire fighter, or fireman if this title is used by the department, and who is actively employed as such; [Emphasis added.] 3. The Public Employment (PEP) was authorized by the Emergency Employment Act of 1971, Pub. L. 92-54, 85 Stat. 146, 42 USC sec. 4871 (1970)↩. Petitioner's position with the city of Auburn extended from January 1972 to July 31, 1974. Petitioner was terminated by the city of Auburn when PEP funds were discontinued.
4. Wash. Rev. Code Ann. sec. 41.26.130 (Supp. 1974) provides for payment: computed as follows: (a) A basic amount of fifty percent of final average salary at time of disability retirement, and (b) an additional five percent of final average salary for each child as defined in RCW 41.26.030(7), (c) the combined total of subsections (1)(a) and (1)(b) of this section shall not exceed a maximum of sixty percent of final average salary. Whether one is receiving benefits for duty related injury or non-duty related injury, the amount of the benefit does not differ for an award under Wash. Rev. Code Ann. sec. 41.26.120↩ (Supp. 1974).
5. We concern ourselves only with those provisions of the Law Enforcement Officers' and Fire Fighters' Retirement System Act (Title 41, Chapter 41.26 of the Wash. Rev. Code Ann. (Supp. 1974)) (LEOFF System) which apply to police and fire fighters who have established membership in the retirement system before September 20, 1977. See n. 7, infra.↩
6. All police and fire fighters who do establish membership in the retirement system on or before September 30, 1977 (pre-1977 members) receive benefits under the LEOFF System from the Washington State Department of Retirement Systems. Those establishing membership in the LEOFF System after September 30, 1977, and who are disabled in the line of duty, receive benefits from the Washington State Department of Labor and Industries under Title 51 of the Revised Code of Washington, the general Washington Workmen's Compensation Act. See Wash. Rev. Code Ann. secs. 41.26.410, 41.26.480↩ (Supp. 1974).
7. See n.6, supra.↩
8. Cf. Clifford v. Commissioner,T.C. Memo. 1984-426↩.
9. Although Wash. Rev. Code Ann. sec. 41.26.120 (Supp. 1974) provides disability retirement funds for disability whether incurred in the line of duty or not, it also requires "[t]hat in any order granting a disability retirement allowance the disability board shall make a finding of whether or not the disability was incurred in the line of duty." Wash. Rev. Code Ann. sec. 41.26.120(2), supra.
Pursuant to awarding petitioner his benefits, the city of Auburn Disability Board made a finding that petitioner's injury was not sustained in the line of duty. However, petitioner contests this finding as being in error.Petitioner misses the point with this argument because our focus is on the statute itself. Under Wash. Rev. Code Ann. secs. 41.26.120 and 41.26.130, supra,↩ petitioner receives the same benefits whether his injury or sickness is duty related or not.
10. The benefits received under this section as disability pay for policemen were determined to flow from a statute "in the nature of a workmen's compensation act." See Frye v. United States,72 F. Supp. 405↩ (D. D.C. 1947).
11. Cf. Clifford v. Commissioner,T.C. Memo. 1984-426; Debiasi v. Commissioner,T.C. Memo. 1983-161↩.