[No. 15360-9-I.   Division One.   August 18, 1986.]

*In the Matter of the Marriage of* LAVINA LOUISE
LEWIS, *Appellant, and* MYRON CARL
LEWIS, *Respondent.*

*Dale J. Galvin* and *Abbott, Curtis, Galvin & Doyle,* for appellant.

*Loren D. Combs* and *Kirshenbaum & Combs,* for respondent.

GROSSE, J.—Lavina Lewis appeals the trial court's decision to quash a writ of execution which she had obtained on her former husband's property for nonpayment of spousal support. The basis for her action was the argument that RCW 6.12.100[1] should be applied retroactively. Enacted in 1984, RCW 6.12.100(4) provided an additional exception to the homestead exemption from execution. This additional exception is for judgments establishing an obligation to pay spousal maintenance.

The parties were divorced on April 18, 1980, in San Diego, California. The California decree awarded the appellant $450 per month spousal maintenance commencing August 1979, to continue for 5 years or until the death or remarriage of the appellant. Respondent made no payments in accordance with the decree and on February 29, 1984, appellant obtained a judgment in the amount of $22,425.76 for the arrearages. The judgment herein was obtained 4 months prior to the effective date of RCW 6.12-.100(4).

Approximately 1 month after the effective date of RCW 6.12.100(4), appellant obtained a writ of execution on respondent's property. In quashing the writ of execution, the trial court held as a matter of law that (1) RCW 6.12-

---

[1]RCW 6.12.100 provides in pertinent part:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

". . .

"(4) On debts arising from a lawful court order or decree or administrative order establishing a child support obligation *or obligation to pay spousal maintenance.*" (Italics ours.)

.100(4) was to be applied prospectively only, and (2) respondent had a vested right in his homestead that had been perfected 2 years previously and which, therefore, was protected from an execution on a judgment entered prior to the effective date of RCW 6.12.100(4).

Legislative enactments are presumed to operate prospectively unless they are remedial or unless a contrary intent appears from the legislation. *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal,* 39 Wn. App. 609, 616, 694 P.2d 697 (1985).

> A statute is remedial . . . when it relates to practice, procedure or remedies and does not affect a substantive or vested right.

*Johnston v. Beneficial Management Corp. of Am.,* 85 Wn.2d 637, 641, 538 P.2d 510 (1975). On its face, RCW 6.12.100(4) is remedial. The amendment with which we are here concerned was added by Laws of 1984, ch. 260, which contains comprehensive revisions to numerous statutes. As the act itself states, such revisions were designed to answer an "urgent need for vigorous enforcement of child support obligations" and to provide "stronger and more efficient statutory remedies . . ." Laws of 1984, ch. 260, § 1. Thus, the issue with which we are confronted is whether or not subsection 4 of RCW 6.12.100 affects a substantive or vested right. We hold that it does.

In *Whitworth v. McKee,* 32 Wash. 83, 100, 72 P. 1046 (1903), the Supreme Court held:

> [A] homestead in this state is in the nature of a vested interest, or a species of estate which, when once acquired, is not destroyed by the mere repeal of the statute authorizing its acquisition, but can be relinquished only by the voluntary act of the person holding it.

This holding is somewhat qualified by that of *Code v. London,* 27 Wn.2d 279, 283, 178 P.2d 293 (1947), wherein the court held that homesteads were not such vested rights that they may not be waived or abandoned. Even so, homesteads remain, without question, a right to exemption from execution, and as such, fit squarely within the defini-

tion of a vested right sufficient to forestall retroactive application of the statute:

A vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title,* legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another.*

*Godfrey v. State,* 84 Wn.2d 959, 963, 530 P.2d 630 (1975).

The judgment on which the writ at issue in this case was sought was entered subsequent to respondent's perfection of his right to a homestead pursuant to the then extant provisions of the statute. Therefore, RCW 6.12.100(4) as amended in 1984 cannot affect respondent's homestead right as it pertained to that judgment.

The trial court is affirmed.

SCHOLFIELD, C.J., and COLEMAN, J., concur.