[No. 47436-7-I. Division One. April 1, 2002.]

ROBIN L. MILLER CONSTRUCTION CO., INC., *Appellant*, v. DAVID COLTRAN, ET AL., *Defendants*, KEVIN HYPPA, ET AL., *Respondents*.

884

*Bernard G. Lanz*, for appellant.

*Amanda E. Vedrich* and *Thomas F. Peterson* (of *Betts, Patterson & Mines, P.S.*), for respondents.

COLEMAN, J. — Following the Legislature's amendment to the homestead act, Robin L. Miller Construction Co., Inc., (RMC) made a second attempt to obtain a writ of execution upon the Hyppas' property. The trial court denied its motion to appoint an appraiser, a prerequisite to executing on the property. RMC appeals, arguing that the trial court erred in denying the motion because (1) there is no evidence in the record that the Hyppas' homestead will be impaired by issuing a writ of execution, (2) that the amended homestead act applies retroactively, (3) the homestead act allows more than one attempt to obtain a writ of execution, (4) the Hyppas are not bona fide purchasers, and (5) principles of res judicata and laches do not bar its claim. Because the amended homestead act properly applies to this case, we reverse and remand.

## FACTS

On September 28, 1989, RMC obtained a default judgment against David Coltran and his wife for $10,121.37, plus interest. Three years later, after failing to collect on the judgment through garnishment proceedings, RMC recorded a judgment lien against the Coltrans' property. *Robin L. Miller Constr. Co. v. Coltran*, 87 Wn. App. 112, 114, 940 P.2d 661 (1997) (*RMC I*). Meanwhile, in August 1992, the Coltrans obtained a loan from the Household Finance Corporation (HFC) secured by a recorded deed of trust on the property. *RMC* I, 87 Wn. App. at 114. When the Coltrans defaulted on their loan, HFC foreclosed on the property and sold it to the Hyppas who occupy it as their homestead.

*RMC* I, 87 Wn. App. at 114. HFC recorded a deed of trust to secure the loan. *RMC* I, 87 Wn. App. at 114.

When RMC moved for a writ of execution on the property, the trial court quashed it because there was not enough value in the property to pay HFC's deed of trust, RMC's judgment lien, and the Hyppas' homestead exemption. *RMC* I, 87 Wn. App. at 114-15. After this court affirmed the trial court, the Legislature amended the statute to require that this net value calculation include the homestead exemption and *only* liens and encumbrances *senior* to the judgment being executed upon (i.e., not HFC's deed of trust). RCW 6.13.010(3); *RMC* I, 87 Wn. App. at 119. Based on this amendment, RMC made a second attempt to obtain a writ of execution by filing a motion to appoint an appraiser. Attached to the motion as an exhibit is an order extending judgment that RMC properly filed in 1999 before the expiration date of the judgment. *See* RCW 6.17.020. According to the order, $22,275.87 was the outstanding balance on the judgment with interest accruing at 12 percent per year. With no specific reasons given, however, the trial court denied the motion to appoint an appraiser. RMC appeals.

## DISCUSSION

■ We review issues regarding statutory construction de novo. *RMC* I, 87 Wn. App. at 115. A homestead is property that the owner uses as his or her principal residence. RCW 6.13.010(1). Homestead property is exempt from execution or forced sale for the debts of the owner up to the lesser of (1) its total net value or (2) the sum of $40,000. RCW 6.13.030, .070. RCW 6.13.090 states: "A judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor records the judgment with the recording officer of the county where the property is located." To execute against a homestead property, a judgment creditor must petition for the appointment

of an appraiser. RCW 6.13.100. This petition must show that the net value of the homestead exceeds the homestead exemption amount. RCW 6.13.110(3). According to the statutory definition amended in 1999, net value is the "market value less all liens and encumbrances senior to the judgment being executed upon and not including the judgment being executed upon." RCW 6.13.010(3).

I. *Appointment of an Appraiser*

■ RMC argues that the trial court denied its petition to appoint an appraiser without any evidence in the record that the Hyppas' homestead exemption would be impaired by an execution of RMC's judgment lien, even if the court included junior liens in the net value calculation. RCW 6.13.110(3) requires, without qualification, a mere "showing" that the homestead property's net value exceeds the homestead exemption. *See, e.g.*, 28 Marjorie Dick Rombauer, Washington Practice: Creditors' Remedies—Debtors' Relief §§ 7.30-.31, at 111-13 (1998). In a declaration submitted to the trial court to support its petition for the appointment of an appraiser, RMC estimated that there was at least $100,000 in excess value over the $30,000 homestead exemption that existed at the time of judgment. Although the Legislature has since increased the homestead exemption to $40,000, RMC stated that it believed that the excess value had increased even more over time. This declaration appears to meet the statutory requirements for a petition contained in RCW 6.13.110(3).

■ Based on (1) proof of service of a copy of the petition with notice of the hearing and (2) the facts stated in the petition, the judge can appoint an appraiser. RCW 6.13.130; *see also* RCW 6.13.120 (10-day notice). Construing the predecessor to this statutory provision, the Supreme Court found that the trial court had a "duty" to appoint appraisers when the judgment creditor *alleged* and the homestead declarant admitted in an *estimate* that the homestead property contained a value over the homestead exemption.

*Nelsen v. McKeen*, 165 Wash. 274, 5 P.2d 333 (1931). Because RMC's declaration alleges an estimated excess value above the homestead exemption, the trial court had a duty to appoint an appraiser unless it found some other grounds for not doing so. In its order denying such an appointment, however, it stated no such grounds. Presumably, the trial court determined that amended RCW 6.13.010(3) did not apply or that a second attempt to obtain a writ of execution was barred. This brings us to the crux of the appeal: Whether the trial court should have applied amended RCW 6.13.010(3) in determining net value.

## II. *Prospective or Retroactive Application*

 The Hyppas contend that applying amended RCW 6.13.010(3) to determine the net value of their homestead property is impermissibly retroactive. There is a presumption that legislative amendments are prospective in application. *In re Det. of Brooks*, 145 Wn.2d 275, 284, 36 P.3d 1034 (2001). A statutory amendment is not retrospective merely because it relates to prior facts. *City of Walla Walla v. Topel*, 104 Wn. App. 816, 822, 17 P.3d 1244 (2001). Indeed, the amendment in question applies prospectively in this case. RMC had a present judgment lien against the Hyppas' property and petitioned for the appointment of an appraiser *after* the Legislature amended RCW 6.13.010(3). Therefore, the amended statute applies prospectively to RMC's petition for appointment of an appraiser. Accordingly, we conclude that RMC is entitled to seek an appraisal of the net value as defined in the amended statute.

 Even if the amended statute did not apply prospectively, it would have retroactive effect. A statutory amendment is retroactive in application if (1) the Legislature clearly intended it to be so in the language of the statute, (2) it is curative, or (3) it is remedial. *Brooks*, 145 Wn.2d at 285; *State v. Smith*, 144 Wn.2d 665, 673, 30 P.3d 1245, 39 P.3d 294 (2001). Among the other grounds, RMC contends that the amended definition of net value is retro-

active because it is remedial. A statutory amendment is remedial if it relates to practice, procedures, or remedies and does not affect a substantial or vested right. *Smith*, 144 Wn.2d at 674; *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 617, 694 P.2d 697 (1985). In *Marine Power*, this court held that an amendment that created "a supplemental remedy for enforcement of a preexisting right" was remedial. *Marine Power*, 39 Wn. App. at 617. RMC argues that amended RCW 6.13.010(3) enables judgment lien creditors to obtain a writ of execution to enforce their judgment liens in situations where they were unable to do so previously. We agree.

Contrary to the Hyppas' contentions, the homestead act does not deprive creditors of all rights. RCW 6.13.090 gives creditors the right to a judgment lien on the value of the homestead property beyond the homestead exemption. Granted, the homesteader has a vested right in the homestead exemption. *In re Marriage of Lewis*, 45 Wn. App. 1, 3-4, 723 P.2d 545 (1986). But, the homesteader does not have a vested right in the value of the homestead property in excess of the exemption. *See* RCW 6.13.090. Although amended RCW 6.13.010(3) defined net value to the Hyppas' advantage when they purchased the property, they have no vested right in a mere expectation that an existing statute would preclude retroactive amendment, unless they have some legal or equitable title to the property or legal exemption. *Olesen v. State*, 78 Wn. App. 910, 917, 899 P.2d 837 (1995). Because the Hyppas have a vested right in their homestead exemption only, not in the excess value of the homestead, we conclude that amended RCW 6.13.010(3) is remedial and, therefore, retroactive.

Nonetheless, the Hyppas contend that the Legislature cannot amend a statute retroactively to circumvent this court's previous opinion in this case. They insist that this effectively makes the Legislature the court of last resort

and raises serious separation of powers concerns.[1] We need not address this issue because legislative amendments for remedial purposes have retroactive effect. *Brooks*, 145 Wn.2d at 285; *Marine Power*, 39 Wn. App. at 615-17. Here, the Legislature amended an unambiguous definition of net value for remedial purposes. Accordingly, the amended statute has retroactive effect.

## III. *Res Judicata*

■ The Hyppas maintain that res judicata bars RMC's second attempt to execute against their property. In short, res judicata or claim preclusion principles prevent a party from bringing the same cause of action against the same person for the same subject matter. *Kuhlman v. Thomas*, 78 Wn. App. 115, 120, 897 P.2d 365 (1995). An attempt to execute a judgment lien, however, is not a cause of action. Rather, it is an enforcement proceeding to collect upon a previously obtained judgment. RCW 6.17.020. Because an attempt to execute a judgment lien is not a cause of action, we find that res judicata principles do not apply to this case.

## IV. *Bona Fide Purchaser*

■ Next, the Hyppas argue that the bona fide purchaser doctrine bars RMC's attempt to execute against their property. Under the bona fide purchaser doctrine, a person has a superior interest in property that he or she purchases (1) for value, (2) in good faith, and (3) without actual or constructive notice of another's interest in the property. *Levien v. Fiala*, 79 Wn. App. 294, 298, 902 P.2d 170 (1995). According to a declaration by Kevin Hyppa, he and his wife did not have notice of the judgment lien when they purchased their property.

■ Normally, an entry of judgment serves as constructive notice of a judgment lien upon all real property of the

---

[1] For discussion of this topic, see *Brooks*, 145 Wn.2d at 285-86, and *State v. Dunaway*, 109 Wn.2d 207, 216 n.6, 743 P.2d 1237 (1987).

judgment debtor in the county of the superior court entering the judgment, unless a statute requires more. *Fed. Intermediate Credit Bank v. O/S Sablefish*, 111 Wn.2d 219, 223, 758 P.2d 494 (1988). In *Sablefish*, however, the court noted that a judgment does not become a lien against the value of a homestead property in excess of the homestead exemption until recorded. *Sablefish*, 111 Wn.2d at 225 (citing RCW 6.13.090). Therefore, a recorded judgment gives constructive notice of the lien to prospective purchasers of the homestead property. RMC recorded their judgment before the Hyppas purchased the property. Accordingly, the Hyppas had constructive notice of RMC's judgment lien. We conclude that the bona fide purchaser doctrine does not bar RMC from executing against the homestead property.

## V. *Multiple Writs of Execution*

 The Hyppas also argue that the homestead act permits only one attempt to execute on the same homestead. RCW 6.17.020(1) allows a party to execute upon a judgment at any time within 10 years from the date of entry. A judgment creditor may apply for an additional 10 years within 90 days of the expiration date. RCW 6.17.020(3). Although RMC has obtained this 10-year extension, it has not yet obtained a successful execution. In both attempts, the trial court quashed the writ of execution. Because RMC has not levied a successful execution to date, it is entitled to avail itself of the execution statute.

## VI. *Laches*

 Finally, the Hyppas contend that the doctrine of laches bars RMC's second attempt to execute. Laches is an equitable defense that a party may invoke if it can prove that (1) the plaintiff knew or reasonably should have known the facts giving rise to the action, but (2) unreasonably delayed bringing the action, and (3) the delay caused damages to the defendant. *In re Marriage of Capetillo*, 85

Wn. App. 311, 317, 932 P.2d 691 (1997). Because RCW
6.17.020 expressly provides RMC with the ability to seek
execution at this time, the common law doctrine of laches
cannot bar execution absent unusual circumstances.
*Capetillo*, 85 Wn. App. at 317; *see also Hamilton v. Carter*,
12 Wash. 510, 517-18, 41 P. 911 (1895) (execution may issue
at any time during statutory period despite delay); *cf.*
*Meikle v. Cloquet*, 44 Wash. 513, 517, 520, 87 P. 841 (1906)
(judgment ceased to be a lien after statutory period expired
and laches barred attempt to execute after property passed
in probate).

▆ Here, the circumstances do not seem so unusual to
justify cutting short the statute of limitations for unreason-
able delay. RMC obtained a default judgment against the
Coltrans in September 1989 and attempted to collect
through garnishment proceedings in 1993. Unfortunately,
the Coltrans filed for bankruptcy, allowing HFC to foreclose
on their property and acquire title in 1994. RMC attempted
to execute against the property a year after HFC sold the
property to the Hyppas, but the trial court quashed its writ
of execution. After this court decided RMC's appeal in June
1997, the Legislature sought to amend the homestead act,
ultimately passing the amendment in 1999. HB 1233, 1999
FINAL LEGISLATIVE REPORT, 56th Wash. Leg., Reg. Sess. at 47;
*RMC* I, 87 Wn. App. 112. RMC timely extended the judg-
ment before its expiration date that year. About one year
later, RMC again attempted to execute against the Hyppas'
property by petitioning for the appointment of an appraiser.
Given the financial and legal barriers in collecting upon the
judgment, first against the Coltrans and then against the
homestead property later owned by the Hyppas, we find
that the delay was not unreasonable and did not constitute
an unusual circumstance to justify cutting short the statute
of limitations. Therefore, the doctrine of laches does not
preclude RMC from executing upon its judgment.

## CONCLUSION

We hold that the amended definition of net value applies prospectively to present judgment liens or retroactively for remedial purposes. The doctrines of res judicata, bona fide purchaser and laches do not prevent RMC from executing its judgment lien against the Hyppas' homestead property.

We reverse and remand.

KENNEDY and APPELWICK, JJ., concur.