[No. 44740. En Banc. December 1, 1977.]

JAMES W. B. TAYLOR, *Appellant,* v. THE CITY OF REDMOND, ET AL, *Respondents.*

*Richard M. Holt, Cushman & Holt,* and *John P. Cogan,* for appellant.

*Ralph I. Thomas, Ostrander, Van Eaton, Thomas & Ferrell,* and *John D. Lawson,* for respondents.

HICKS, J.—This case is certified to this court from the Court of Appeals, Division One. Plaintiff (appellant), a police officer of the City of Redmond, sues a fellow officer and the City for negligence. The case involves the application of RCW 41.26.270 and .280 of the Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act (LEOFF), together with some consideration of RCW 51.04, industrial insurance act (workmen's compensation). The trial court dismissed the action for lack of subject matter jurisdiction.

Appellant was shot in the foot by a fellow officer while the two were on duty. Under LEOFF he received full salary while he recovered and reimbursement for his medical expenses. He then brought this negligence action under RCW 41.26.280 (LEOFF) which provides:

> If injury or death results to a member from the intentional *or negligent act* or omission of his governmental employer, the member . . . shall have the privilege to

benefit under this chapter and *also have cause of action against the governmental employer as otherwise provided by law,* for any excess of damages over the amount received or receivable under this chapter.

(Italics ours.)

Respondent City asserts that all civil actions against an employer or fellow employee are abolished under the workmen's compensation act except for intentional acts of the employer. RCW 51.04.010 abolished all common–law actions by employees against their employers, except for intentional acts of the employer for which a cause of action is statutorily created under RCW 51.24.020.

The issue thus presented is whether police and fire fighters remain under the umbrella of the previously enacted workmen's compensation act in regard to the abolishment of negligence actions, although in the subsequently enacted LEOFF chapter the 1971 legislature specifically provided a cause of action for negligence. In other words, does LEOFF supersede workmen's compensation insofar as police and fire fighters are concerned? We believe it does. Hence, we reverse the trial court and remand for trial.

Formerly by statute, long lists of occupations were classified by the legislature as extrahazardous and thereby covered by the workmen's compensation act. If an employee was not working at an occupation classified as extrahazardous, he was not within the act regardless of the nature of the duties he was actually performing. *Thompson v. Department of Labor & Indus.,* 194 Wash. 396, 78 P.2d 170 (1938), and cases therein cited.

That is no longer the law. Currently, the act includes all employments within its coverage except those specifically excluded under RCW 51.12.020. Unfortunately, the legislature neglected to specifically exclude the occupation of city police officer, and that oversight becomes the basis for the trial court's actions and respondents' contentions. Respondents also point to Laws of 1972, 1st Ex. Sess., ch. 43, § 8, amending RCW 51.12.050, which continues to make reference to peace officers in the identical language that has

been used in the act since 1911,[1] as evidence that one in appellant's position is within the scope of that act.

Respondents cite *State ex rel. Fletcher v. Carroll*, 94 Wash. 531, 162 P. 593 (1917), as authority for their position. In *Fletcher*, we held municipal employees, engaged in work that would have been classified as "extrahazardous" but for the fact they worked for a municipal employer, were within the scope of the workmen's compensation law to the extent of abolishing an action against their employer, even though they did not take benefits under the law. However, *Fletcher* was decided before LEOFF was enacted, therefore it has no bearing on the statutory construction issue before us now.

We read RCW 41.26.270 as removing law enforcement officers and fire fighters from coverage under the workmen's compensation act:

The legislature of the state of Washington hereby declares that the relationship between members of the law enforcement officers' and fire fighters' retirement system and their governmental employers *is similar* to that of workmen to their employers and that the sure and certain relief granted by this chapter is desirable, and *as beneficial to such law enforcement officers and fire fighters as workmen's compensation coverage is to persons covered by Title 51 RCW. The legislature further declares that removal of law enforcement officers and fire fighters from workmen's compensation coverage under Title 51 RCW* necessitates the (1) continuance of sure and certain relief for injuries, which the legislature finds to be accomplished by the provisions of this chapter and (2) protection for the governmental employer from actions at law; and to this end the legislature further

---

[1]RCW 51.12.050 reads in part as follows:

"Whenever and so long as, by state law, city charter, or municipal ordinance, provision is made for employees or peace officers injured in the course of employment, such employees shall not be entitled to the benefits of this title and shall not be included in the payroll of the municipality under this title: *Provided,* That whenever any state law, city charter, or municipal ordinance only provides for payment to the employee of the difference between his actual wages and that received under this title such employees shall be entitled to the benefits of this title and may be included in the payroll of the municipality."

declares that the benefits and remedies conferred by this chapter upon law enforcement officers and fire fighters covered hereunder, shall be to the exclusion of any other remedy, proceeding, or compensation for personal injuries, caused by the governmental employer *except as otherwise provided by this chapter;* and to that end all civil actions and civil causes of actions by such law enforcement officers and fire fighters against their governmental employers for personal injuries are hereby abolished, *except as otherwise provided in this chapter.*

(Italics ours.) In RCW 41.26.280 the legislature allowed law enforcement officers and fire fighters a cause of action as otherwise provided by law for both negligent and intentional acts of the employer which result in injury to the employee.

■■ In view of the clear language of both RCW 41.26-.270 and .280, we resolve the ambiguity in legislative intent against the City, deeming the workmen's compensation act inapplicable to police and fire fighters. Those occupations, while not specifically excluded under RCW 51.12.020, are excluded by the language of RCW 41.26.270 and .280. We will not determine the intent of the legislature from its omissions where there is an affirmative assertion indicating such intent.

■ The direct conflict between the pertinent provisions of the LEOFF and workmen's compensation chapters makes the chapters, insofar as our purposes here, mutually exclusive. They cannot be read in pari materia. Also, it is a fundamental principle of statutory construction that courts must not construe statutes so as to nullify, void or render meaningless or superfluous any section or words of same. *Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 487 P.2d 1050 (1971); *Miller v. Pasco,* 50 Wn.2d 229, 310 P.2d 863 (1957); *Groves v. Meyers,* 35 Wn.2d 403, 213 P.2d 483 (1950). To read the LEOFF provision in light of the workmen's compensation chapter would effectively void the words "or negligent act or omission" in RCW 41.26.280.

Also worth noting are the facts that police and fire fighters receive no benefits under workmen's compensation, and

industrial insurance premiums are not paid by municipalities. Instead, the benefits accorded police and fire fighters are under LEOFF.

Laws of 1977, 1st Ex. Sess., ch. 294, §§ 1, 2 and 9, further buttress our conclusion. Section 9 of chapter 294 authorizing the eligibility of law enforcement officers and fire fighters for industrial insurance and including them on the municipal payroll for such purposes, is limited in its applicability by section 2 to those members who are employed on and after October 1, 1977. Presumably, those persons employed before that date remain outside the coverage of RCW Title 51. That issue, however, is not before us and we make no determination thereon.

As to the "cause of action against the governmental employer as otherwise provided by law," contained in RCW 41.26.280, we look to RCW 4.96.010. Since under the common law the sovereign has traditionally enjoyed immunity from suits by its employees or subjects, there is no cause of action under the common law. Hence, we must look to the statutes to find a cause of action "otherwise provided by law." RCW 4.96.010 provides:

> All political subdivisions, municipal corporations, and quasi municipal corporations of the state, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their officers, agents or employees to the same extent as if they were a private person or corporation: *Provided,* That the filing within the time allowed by law of any claim required shall be a condition precedent to the maintaining of any action. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory.

We hold that appellant was not an employee within the scope of RCW Title 51 at the time of the injury with which this lawsuit is concerned, and therefore he is not disabled to bring this negligence suit as allowed under RCW 41.26.280.

Reversed and remanded.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

Petition for rehearing denied January 30, 1978.