952 P.2d 601 (1998)
134 Wash.2d 637
David P. FRAY, Individually and on Behalf of Alaina M. Fray, His Minor Daughter; Patricia K. Payne, Individually and on Behalf of Desiree C. Payne, Her Minor Daughter, Respondents,
v.
SPOKANE COUNTY and the Spokane County Sheriff Department, Petitioners.
No. 65236-8.
Supreme Court of Washington, En Banc.
Argued January 28, 1998.
Decided March 12, 1998.
*602 Evans, Craven & Lackie, PS, Amy Clemmons, Hugh T. Lackie, Spokane, for Petitioners.
Reaugh, Fischnaller & Oettinger, Joseph E. Fischnaller, Seattle, for Respondents.
Law, Lyman & Daniel, Jocelyn J. Lyman, Olympia, Schwerin, Burns, Campbell & French, Lawrence R. Schwerin, Mulholland & Hickey, Thomas A. Woodley, Washington, Charles Wiggins, Bainbridge Island, Webster, Mrak & Blumberg, James H. Webster & Lynn Weir, Seattle, Amicus Curiae.
SMITH, Justice.
Petitioners Spokane County and the Spokane County Sheriff Department seek review of a decision of the Court of Appeals, Division III, reversing a decision by the Spokane County Superior Court granting summary judgment to Petitioners which dismissed a negligence action by Respondent David P. Fray, ruling that his exclusive remedy was under the Industrial Insurance Act, RCW Title 51, which barred other civil causes of action.[1] We affirm.

QUESTION PRESENTED
Whether a law enforcement officer under Plan II of the Law Enforcement Officers' and Fire Fighters' Act (LEOFF), RCW 41.26, may bring an action for negligence against the officer's employer for injury received in the line of duty when the officer has received workers' compensation benefits under the Industrial Insurance Act, RCW Title 51, for the same injury.

STATEMENT OF FACTS
The facts in this case are not disputed. Respondent David P. Fray is a law enforcement officer and deputy sheriff employed by Petitioner Spokane County Sheriff Department.[2] Respondent began his employment with the Spokane County Sheriff Department as a cadet in 1976 and was commissioned as a deputy sheriff in January 1978.[3]
The pertinent events leading to this action for negligence occurred on October 21, 1993.[4] Respondent was on duty alone in his patrol car when he was dispatched to 4282 Big Foot Lane, approximately 30 miles north of Spokane, to respond to an altercation between an armed homeowner and some loggers working nearby.[5] Another deputy was also dispatched to the scene, but was immediately called back because his shift was almost over.[6] Consequently, Respondent Fray arrived at the scene of the altercation without backup assistance.[7] He tried to convince the armed homeowner to lay down his rifle.[8] The homeowner refused. There was a struggle when Respondent Fray attempted to disarm him. During the struggle, Respondent was hit in the head with the butt of the homeowner's rifle.[9] He was later rushed to the hospital with a closed head injury.[10] *603 Respondent claims that, as a result of the injury, he suffers "constant headaches, memory problems, multiple attention deficit problems, intermittent loss of control of his right hand, loss of the ability to speak coherently, retarded reaction times, judgment problems, as well as other problems, the full extent of which may not yet be known."[11]
A claim for workers' compensation benefits for Respondent Fray's injury was made on November 19, 1993 under the Industrial Insurance Act, RCW Title 51.[12] The Department of Labor and Industries authorized the claim. Respondent received workers' compensation benefits for his injury.[13]
On January 17, 1995, Respondent Fray filed a lawsuit against Petitioners in the Spokane County Superior Court claiming his injury was caused by their negligence.[14] Petitioners moved for summary judgment. The Honorable Larry M. Kristianson granted the motion, stating:
Defendant's Motion for Summary Judgment is hereby granted dismissing Plaintiffs' claims with prejudice pursuant to the provisions of the exclusive remedies provided under the Industrial Insurance Act, Title 51.[[15]]
The Industrial Insurance Act, RCW Title 51, and specifically RCW 51.04.010, effective since 1977, provides in relevant part:
Declaration of police powerJurisdiction of courts abolished.... The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

(Emphasis added).
Respondent Fray appealed to the Court of Appeals, Division III, arguing that the Legislature expressly granted LEOFF Plan II members the "right to sue" under RCW 41.26.280 in 1971, and that the 1992 amendment purporting to take away that right was unconstitutional.[16] Respondent further asserted he had a right to sue his employer despite receiving workers' compensation benefits under the Industrial Insurance Act, RCW Title 51.[17] The Court of Appeals, the Honorable Dennis J. Sweeney writing, agreed with Respondent Fray on all relevant issues and reversed the trial court's grant of summary judgment, stating:
The Legislature granted LEOFF Plan II members the "right to sue" their employers for negligence. The attempted amendment by the Legislature in 1992 violates both sections 19 and 37 of article II of the Washington State Constitution. Deputy Fray's receipt of benefits under the Industrial Insurance Act also does not bar his right to sue his employer. We reverse the trial court's grant of summary judgment and reinstate Deputy Fray's cause of action.[[18]]
Petitioners Spokane County and the Spokane County Sheriff Department then sought review by this Court, which was granted on July 8, 1997.

LEGISLATIVE HISTORY
In 1969, the Legislature enacted a comprehensive benefits plan for police officers and fire fighters titled the "Washington Law Enforcement Officers' and Fire Fighters' Retirement System Act," commonly referred to *604 as LEOFF.[19] This system of benefits was codified as RCW 41.26. LEOFF was amended in 1971 to provide greater benefits to injured police officers and fire fighters than they would receive under the workers' compensation system.[20] One such benefit codified in former RCW 41.26.280 granted LEOFF members a "right to sue" their employers for negligence.[21] This new provision read as follows:
If injury or death results to a member from the intentional or negligent act or omission of [the member's]governmental employer, the member, the widow, widower, child, or dependent of the member shall have the privilege to benefit under this chapter and also have cause of action against the governmental employer as otherwise provided by law, for any excess of damages over the amount received or receivable under this chapter.[[22]]
Also in 1971 the Legislature removed all LEOFF members from coverage under the Industrial Insurance Act, RCW Title 51, and abolished all civil causes of actions for personal injury against their governmental employers "except as otherwise provided in this chapter."[23]
In 1977, the Legislature amended LEOFF to create two classes of members.[24] Police officers and fire fighters employed on or before September 30, 1977 constituted one class. Those employed after that date constituted another class. In a later amendment the Legislature designated these two classes as LEOFF Plan I and LEOFF Plan II.[25] Respondent Fray, being commissioned in January 1978, was classified as a Plan II member. Benefits for Plan I members remained the same, but benefits for Plan II members were reduced.[26] Plan II members, however, became eligible for industrial insurance benefits under RCW Title 51 in 1977.[27] The provision granting that eligibility was codified in RCW 41.26.480 and provided:
Notwithstanding any other provision of law, members shall be eligible for industrial insurance as provided by Title 51 RCW, as now or hereafter amended and shall be included in the payroll of the employer for such purpose.
(Emphasis added).
The 1977 amendments added a new section codified as RCW 41.26.005 which listed sections applicable only to members in the retirement system "on or before September 30, 1977" and specifically excluded members in the system "on or after October 1, 1977."[28] Former RCW 41.26.280 (now RCW 41.26.281), the right to sue provision, was not among the sections listed in RCW 41.26.005.[29] The right to sue thus remained available to both Plan I and Plan II members. RCW 41.26.005 was amended in 1979, 1985 and 1989.[30] In neither amendment, however, was RCW 41.26.280 (the right to sue provision) listed as one of the sections applicable only to Plan I members.[31]
In 1991, the Legislature reorganized LEOFF into three sections: (1) provisions applicable only to Plan I members, (2) provisions applicable only to Plan II members, and (3) provisions applicable to both Plan I and Plan II members.[32] The right to sue *605 provision, RCW 41.26.280, recodified as RCW 41.26.058, was included under the section applicable to both Plan I and Plan II members.[33]
LEOFF was amended again in 1992. The Legislature directed the code reviser to remove RCW 41.26.058, the right to sue provision, from the section applicable to both plan members and place it under the section applicable only to Plan I members.[34] The right to sue provision, RCW 41.26.058, was then recodified as RCW 41.26.281.

DISCUSSION

RIGHT TO SUE
Petitioners claim the relevant substantive rights for Plan II members were created in 1977 subjecting Respondent Fray to the Industrial Insurance Act, RCW Title 51(Act), to the exclusion of the right to sue under RCW 41.26.280.[35] Respondent Fray does not dispute Plan II members were made eligible for the Act, but argues the Legislature also expressly gave them the right to sue.[36] The Court of Appeals agreed with Respondent Fray and held that Plan II members are eligible for industrial insurance benefits under RCW Title 51 and also have the right to sue for negligence.[37]
Petitioners, however, argue the holding of the Court of Appeals conflicts with this Court's decision in Taylor v. Redmond.[38] In Taylor, a Plan I police officer sued his employer for negligence under RCW 41.26.280, the right to sue provision of LEOFF.[39] The employer asserted that, except for intentional acts, all civil actions by an employee were abolished under the Industrial Insurance Act, RCW Title 51.[40] This Court held that LEOFF superseded the Industrial Insurance Act insofar as police officers and fire fighters were concerned and thus the employer was not immune from suit.[41] The Court looked to RCW 41.26.270, which expressly removed police officers and fire fighters from industrial insurance coverage, and RCW 41.26.280, which provided a right to sue for negligence, and stated "[t]hose occupations, while not specifically excluded under RCW 51.12.020, are excluded by the language of RCW 41.26.270 and .280."[42] The Court concluded the officer was "not an employee within the scope of RCW Title 51 ... and therefore... [was] not disabled to bring this negligence suit ... under RCW 41.26.280."[43]
Petitioners contend that because the 1977 amendments expressly made Plan II members eligible for benefits under the Industrial Insurance Act, those members are subject to the Act to the exclusion of benefits under LEOFF.[44] They support this position by noting the Court's language in Taylor which stated:
The direct conflict between the pertinent provisions of the LEOFF and workmen's compensation chapters makes the chapters, insofar as our purposes here, mutually exclusive. They cannot be read in pari materia.[[45]]
That statement, however, does not support Petitioners' argument. The police officer in Taylor was a LEOFF Plan I member and was expressly excluded from the Act by *606 RCW 41.26.270, codified under the 1971 amendments to LEOFF.[46] Thus, as to Plan I members, the Court in Taylor concluded Plan I officers were excluded from coverage under the Act. The Court did not address the rights of Plan II members except noting that the 1977 amendments authorized employees hired on or after October 1, 1977 to receive benefits under the Act.[47] Petitioners' statement "[a]lthough the issue in Taylor did not involve a Plan II member, the court noted that a Plan II member would be subject to the Industrial Insurance Act and it's limitations including prohibiting a negligence action against their employer" is not supported by the case.[48] Contrary to Petitioners' argument, the Court of Appeals decision does not conflict with Taylor.
Petitioners argue the plain language of the statutes "returns" Plan II members to the Act without any limitation.[49] Courts should interpret statutes to avoid absurd or strained results so as not to render any language superfluous.[50] Contrary to Petitioners' argument, Plan II members are not "returned" to the Act, but instead are merely made "eligible" for benefits under the Act.[51] RCW 41.26.480 provides:
Notwithstanding any other provision of law, members shall be eligible for industrial insurance as provided by Title 51 RCW, as now or hereafter amended, and shall be included in the payroll of the employer for such purpose.
Petitioners claim this provision returns Plan II members to the Act "as now or hereafter amended," without any limitation, "notwithstanding any other provision of law."[52] Petitioners argue the phrase "notwithstanding any other provision of law" confines Plan II members to the Act to the exclusion of benefits under LEOFF.[53] We do not agree. We agree instead with the interpretation by the Court of Appeals that it means "in spite of any other provision in LEOFF a member is still entitled to industrial insurance benefits."[54] RCW 41.26.480 states that Plan II members "shall be eligible" for industrial insurance benefits. It does not state the members are limited only to those benefits. The language is clear and unambiguous.
The fact the Legislature did not restrict the right to sue, while granting benefits under the Industrial Insurance Act, leads to an inference it intended to confer both benefits upon police officers and fire fighters. Further support that the Act and RCW 41.26.280, the right to sue provision, are not in conflict is established by the language of RCW 41.26.280, which limits a member's right to receive damages only to those in excess of the amount received or receivable under LEOFF.[55] The right to sue and the remedies under the Act are not mutually exclusive as to Plan II members.
Petitioners next claim the Legislature never intended for Plan II members to have the right to sue their employers for negligence under RCW 41.26.280.[56] As a general matter, in interpreting statutes, the principal objective is to ascertain the intent of the Legislature.[57] Related statutes should be construed in relation to each other to give effect to each provision and should be read as complementary and not as conflicting.[58] Absent *607 ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation.[59]
Beginning with the initial division of LEOFF into Plan I and II, and continuing through four successive amendments, the Legislature never restricted the right to sue provision to Plan I members only.[60] Only in 1992 was the right to sue provision recodified into that section of the Act which restricted application to Plan I members.[61] Accordingly, before 1992, LEOFF Plan II members had statutory authority to sue employers for negligence. The language of the statutes is clear and unambiguous.
Petitioners, however, argue that the Legislature in 1977 intended to limit Plan II members to the exclusive remedies under the Industrial Insurance Act when it enacted RCW 41.26.480, the provision making Plan II members eligible to receive workers' compensation.[62] Petitioners concede the 1977 amendments did not extinguish the right to sue which Plan II members were given in 1971.[63] Nevertheless, Petitioners assert the 1977 amendments "returning" Plan II members to the Act evidenced the Legislature's intent to restrict Plan II members to benefits under the Act, to the exclusion of the right to sue.[64]
Petitioners claim the 1992 amendments abolishing the right of Plan II members to sue and failure of a proposed 1995 bill which would have granted Plan II members that right are evidence of the Legislature's intent never to have given Plan II members the right to sue.[65] Subsequent enactments have no bearing on the intent of the Legislature which passed the unambiguous statute in 1977.[66] Petitioners are asking this Court to conclude the Legislature erred in not excluding the right to sue provision from Plan II members in 1977 and that the error was repeated through four successive amendments in 1979, 1985, 1989 and 1991, when the right to sue provision was expressly listed under the section applicable to both Plan I and Plan II members.
The Legislature is presumed to have considered the right to sue provision applicable to Plan II members in enacting the amendments through four successive revisions.[67] "Where a statute specifically designates the things upon which it operates, there is an inference that the Legislature intended all omissions."[68] Since the language of the statute is plain and unambiguous, this Court may determine the meaning of the statute from the words themselves without judicial construction or interpretation.[69] We read the plain meaning of this statute without unnecessary judicial interpretation.

CONSTITUTIONALITY OF 1992 AMENDMENTS
There is no dispute that the 1992 amendments limited the right to sue to Plan I *608 members only.[70] Accordingly, if the 1992 amendments are valid, Respondent Fray would be barred from bringing suit against Petitioners.[71] Respondent, however, argued the 1992 amendments were unconstitutional under article II, sections 19 and 37 of the Washington State Constitution.[72] The Court of Appeals agreed with him and held the law unconstitutional.[73]
Washington Constitution article II, section 19 provides "No bill shall embrace more than one subject, and that shall be expressed in the title." The 1992 amendment is titled in its entirety as:
AN ACT Relating to making technical corrections to chapter 35, Laws of 1991; amending RCW 41.26.005, 41.26.075, 41.32.005, 41.32.215, 41.32.755, 41.40.005, 41.40.145, and 41.50.210; reenacting RCW 41.32.310; adding a new section to chapter 41.26 RCW; creating a new section; recodifying RCW 41.26.058, 41.26.052, and 41.26.054; and repealing RCW 41.26.405, 41.32.610, 41.32.620, 41.32.630, 41.32.700, and 41.40.605.[[74]]
In concluding the 1992 amendments are unconstitutional under Constitution article II, section 19, the Court of Appeals stated:
The question is whether a reader of this title would be led to an inquiry into the body of the act, or the title would indicate the scope and purpose of the law. We believe that the title here accomplishes neither purpose. It suggests rather that the changes are technical corrections to chapter 35 of the 1991 laws. It does not give fair notice that by recodifying the "right to sue" provision, Plan II members no longer have the right to sue their employers, a right the Legislature had given and reaffirmed through four previous amendments.[[75]]
Petitioners do not question the reasoning of the Court of Appeals.[76] They simply argue the constitutional provisions are inapplicable to the 1992 amendments because the amendments made no substantive changes.[77] Petitioners contend Constitution article II, section 19 is intended to "prevent harm to individuals for not being properly apprised of substantive changes in the law."[78] It is true the purpose of article II, section 19 is to fairly apprise the Legislature and the public of proposed new laws.[79] This Court need not consider whether this provision applies only to substantive changes.
The crux of Petitioners' claim is that the 1992 amendments intended only a "technical correction" stated in the title, rectifying the "drafting error" of 1991 which placed the right to sue provision under the section applicable to both Plan I and Plan II members.[80] They contend Plan II members were stripped of the right to sue in the 1977 amendments when they were made eligible for industrial insurance, and the 1991 amendments placing the right to sue provision in the section applicable to all members were the result of a non-substantive drafting error.[81] Petitioners' argument is essentially that Plan II members lost their right to sue in 1977 and never regained that right; and when the 1991 amendment granted that right by express statutory authority, it was a mere drafting error which the 1992 amendments corrected.[82] Petitioners claim section 1(1)(e) of Laws of 1991, chapter 35 support their interpretation. That section states:

*609 The legislature intends to reorganize chapter 41.26 RCW. The goals of this reorganization are to: ... recodify administrative provisions. The legislature does not intend to make substantive changes in the meaning, interpretation, court construction, or constitutionality of any provision of chapter 41.26 RCW or other statutory provisions or rules adopted under those provisions....
This position is dependent upon two factors: (1) a finding that the right of Plan II members to sue was in fact extinguished in the 1977 amendments, and (2) a finding that the Legislature did in fact commit a drafting error in the 1991 amendments. It has already been established that Plan II members retained the right to sue until the 1992 amendments. It is more logical to conclude the Legislature did not commit a drafting error in 1991, but, as stated in section 1(1)(e), intended to make no substantive changes and intended merely to reorganize the statutory provisions placing the right to sue provision under the section applicable to all members.[83]
The 1992 amendments are not merely "technical corrections," but constitute substantive changes to LEOFF by taking away the right of Plan II members to sue, a right they had until the 1992 amendments. The question now becomes whether the title to the 1992 amendments fairly apprises the Legislature and the public of that substantive consequence. The Court of Appeals correctly determined it did not.
Washington Constitution article II, section 19 requires the subject of a bill to "be expressed in the title." This is to "assure that the members of the legislature and the public are generally aware of what is contained in proposed new laws."[84] Generally, article II, section 19 should be liberally construed in favor of the validity of the legislation.[85] "The title to a bill need not be an index to its contents; nor is the title expected to give the details contained in the bill."[86] A title is in compliance with the section if it provides notice that would "lead to an inquiry into the body of the act, or indicate to an inquiring mind the scope and purpose of the law."[87] However, a "mere reference to a section in the title of an act does not state a subject."[88]
The title of the 1992 amendments does not express the subject of the act.[89] It merely states "AN ACT Relating to making technical corrections" without referring to the substance of those corrections.[90] Readers of this title would not be led "to an inquiry into the body of the act" nor would they be apprised of the "scope and purpose of the law."[91] Instead, readers would be misled into thinking the amendments propose mere "technical corrections," when in fact they made a substantive change in LEOFF by depriving Plan II members of the right to suea right they had since 1971.[92] Accordingly, the bill is unconstitutional under article II, section 19 of the Washington Constitution, and the members of LEOFF Plan II retain their right to sue as provided in the 1971 amendments and reaffirmed through four successive amendments. Because we conclude the 1992 law is unconstitutional under article II, section 19, We need not reach the constitutionality of the amendment under article II, section 37.

SUMMARY AND CONCLUSIONS
The 1971 amendments to the Law Enforcement Officers' and Fire Fighters' Act *610 (LEOFF) gave all police officers and fire fighters the right to sue their employers for negligence. At the same time, all employees were removed from coverage under the Industrial Insurance Act, RCW Title 51. In 1977, the Legislature amended LEOFF to create two classes of members. Benefits for Plan I members remained the same, while benefits for Plan II members were reduced. Plan II members, however, became eligible for industrial insurance benefits. The right to sue was not taken from them. The language of the provision granting eligibility for industrial insurance states that Plan II members "shall be eligible"it does not state that Plan II members are limited to those benefits.
The Legislature amended LEOFF three successive times in 1979, 1985 and 1989, each time keeping intact the right to sue for Plan II members. In 1991 LEOFF was again amended, designating particular provisions applicable to Plan I and Plan II members. The right to sue provision was included in the section applicable to both Plan I and Plan II members. The Legislature is presumed to have considered the right to sue provision applicable to Plan II members in enacting the amendments through four successive revisions.
The 1992 amendment purporting to deprive Plan II members of the right to sue is unconstitutional under article II, section 19 of the Washington State Constitution. The title of the 1992 amendment "AN ACT Relating to making technical corrections" does not apprise the legislature nor the public that it is making a substantive change in LEOFF by taking away the right to sue from Plan II membersa right they have had since 1971.
We affirm the decision of the Court of Appeals, Division III, which reversed the decision of the Spokane County Superior Court dismissing the case on summary judgment.
DURHAM, C.J., and DOLLIVER, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] We do not address the legal status of Respondent Patricia K. Payne who participated as a plaintiff on her own behalf and on behalf of her minor daughter. She is identified in the pleadings as Respondent David P. Fray's fiancé and claims damages for "loss of society and consortium and .... mental pain and anguish."
[2] Clerk's Papers at 4.
[3] Id. at 9.
[4] Id. at 5.
[5] Id. at 5, 34.
[6] Id. at 5.
[7] Id.
[8] Id. at 7.
[9] Id.
[10] Clerk's Papers at 35.
[11] Id.
[12] Id. at 17-19.
[13] Id.
[14] Id. at 7-10.
[15] Amended Order on Summ. J. at 2.
[16] See Br. of Appellants.
[17] Id.
[18] Fray v. Spokane County, 85 Wash.App. 150, 163, 931 P.2d 918 (1997).
[19] Laws of 1969, 1st Ex. Sess., ch. 209.
[20] Laws of 1971, 1st Ex. Sess., ch. 257.
[21] Laws of 1971, 1st Ex. Sess., ch. 257, § 15, codified as RCW 41.26.280, now codified as RCW 41.26.281.
[22] Id. (Emphasis added).
[23] Laws of 1971, 1st Ex. Sess., ch. 257, § 14, codified as RCW 41.26.270.
[24] Laws of 1977, 1st Ex. Sess., ch. 294, §§ 1-2.
[25] Id. The classes were distinguished as "Plan I" and "Plan II" in the 1989 amendments.
[26] Laws of 1977, 1st Ex. Sess., ch. 294.
[27] Id. § 9.
[28] Id. § 18.
[29] Id.
[30] Laws of 1979, 1st Ex. Sess., ch. 249, § 1; Laws of 1985, ch. 102, § 5; Laws of 1989, ch. 273, § 10 (the 1989 amendment officially designated the classes as Plan I or Plan II and clarified which provisions applied to each plan).
[31] Id.
[32] Laws of 1991, ch. 35, §§ 1, 8.
[33] Id. § 8.
[34] Laws of 1992, ch. 72, § 11.
[35] Supplemental Br. of Pet'r Spokane County at 3.
[36] Supplemental Br. of Resp'ts at 4-5.
[37] Fray v. Spokane County, 85 Wash.App. 150, 163, 931 P.2d 918 (1997).
[38] 89 Wash.2d 315, 571 P.2d 1388 (1977).
[39] Id. at 316, 571 P.2d 1388.
[40] Id. at 317, 571 P.2d 1388. The Act includes all employment within its coverage except those expressly excluded under RCW 51.12.020. Because the Legislature did not specifically exclude the occupation of police officer, the employer contended police officers came within the Act and were thus barred from bringing negligence actions under RCW 51.04.010.
[41] Taylor, 89 Wash.2d at 317, 571 P.2d 1388.
[42] Id. at 319, 571 P.2d 1388; see Laws of 1971, Ex. Sess., ch. 257, §§ 14,15.
[43] Id. at 320, 571 P.2d 1388.
[44] Pet. for Review at 8-9; see Laws of 1977, 1st Ex. Sess., ch. 294, § 9.
[45] Taylor, 89 Wash.2d at 319, 571 P.2d 1388.
[46] Laws of 1971, 1st Ex. Sess., ch. 257, § 14.
[47] Taylor, 89 Wash.2d at 320, 571 P.2d 1388; Laws of 1977, 1st Ex. Sess., ch. 294, §§ 1, 2, 9.
[48] Pet. for Review at 8.
[49] Supplemental Br. of Pet'r Spokane County at 5.
[50] Wright v. Engum, 124 Wash.2d 343, 351-52, 878 P.2d 1198 (1994).
[51] Supplemental Br. of Pet'r Spokane County at 5; see RCW 41.26.480.
[52] Supplemental Br. of Pet'r Spokane County at 5.
[53] Id.
[54] Fray v. Spokane County, 85 Wash.App. 150, 162, 931 P.2d 918 (1997).
[55] See RCW 41.26.280.
[56] Pet. for Review at 9-13.
[57] Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 813, 828 P.2d 549 (1992).
[58] Wright v. Engum, 124 Wash.2d 343, 352, 878 P.2d 1198 (1994); Waste Management of Seattle, Inc. v. WUTC, 123 Wash.2d 621, 630, 869 P.2d 1034 (1994).
[59] Crown Cascade, Inc. v. O'Neal, 100 Wash.2d 256, 262, 668 P.2d 585 (1983); Bellevue Fire Fighters Local 1604 v. City of Bellevue, 100 Wash.2d 748, 750, 675 P.2d 592 (1984).
[60] See Laws of 1977, 1st Ex. Sess., ch. 294, § 18; Laws of 1979, 1st Ex. Sess., ch. 249, § 1; Laws of 1985, ch. 102, § 5; Laws of 1989, ch. 273, § 10; Laws of 1991, ch. 35, § 8.
[61] Laws of 1992, ch. 72, § 11.
[62] Supplemental Br. of Pet'r Spokane County at 2-3.
[63] Laws of 1971, 1st Ex. Sess., ch. 257, § 15.
[64] Supplemental Br. of Pet'r Spokane County at 2-3.
[65] Supplemental Br. of Pet'r Spokane County at 8-9; see Laws of 1992, ch. 72, § 11; Senate Bill 5299, 54th Cong., Reg. Sess. (1995).
[66] See Ravsten v. Department of Labor & Indus., 108 Wash.2d 143, 150-51, 736 P.2d 265 (1987) (a subsequent enactment can be an indicator of legislature intent where the original statute was "ambiguous to the point that it generated dispute as to what the Legislature intended").
[67] Department of Fisheries v. Chelan County Pub. Util. Dist. No. 1, 91 Wash.2d 378, 383, 588 P.2d 1146 (1979).
[68] Queets Band of Indians v. State, 102 Wash.2d 1, 5, 682 P.2d 909 (1984).
[69] Crown Cascade, Inc. v. O'Neal, 100 Wash.2d 256, 262, 668 P.2d 585 (1983); Bellevue Fire Fighters Local 1604 v. City of Bellevue, 100 Wash.2d 748, 750, 675 P.2d 592 (1984).
[70] Laws of 1992, ch. 72, § 11; RCW 41.26.281.
[71] See RCW 41.26.281.
[72] See Br. of Appellants at 23-36.
[73] Fray v. Spokane County, 85 Wash.App. 150, 163, 931 P.2d 918 (1997).
[74] Laws of 1992, ch. 72.
[75] Fray, 85 Wash.App. at 158-59, 931 P.2d 918 (citations omitted).
[76] Pet. for Review at 13-14.
[77] Id. at 14.
[78] Id. at 13 (emphasis added).
[79] State v. Thorne, 129 Wash.2d 736, 757, 921 P.2d 514 (1996); Flanders v. Morris, 88 Wash.2d 183, 187, 558 P.2d 769 (1977).
[80] Pet. for Review at 13-14; see Laws of 1992, ch. 72; Laws of 1991, ch. 35, §§ 1, 8.
[81] Pet. for Review at 13-14; see Laws of 1977, 1st Ex. Sess., ch. 294, § 9; Laws of 1991, ch. 35, § 8.
[82] Id.; Laws of 1992, ch. 72, § 11.
[83] See Laws of 1991, ch. 35, §§ 1, 8.
[84] State v. Thorne, 129 Wash.2d 736, 757, 921 P.2d 514 (1996).
[85] State Fin. Comm. v. O'Brien, 105 Wash.2d 78, 80, 711 P.2d 993 (1986).
[86] Washington Fed'n of State Employees v. State, 127 Wash.2d 544, 555, 901 P.2d 1028 (1995) (quoting Treffry v. Taylor, 67 Wash.2d 487, 491, 408 P.2d 269 (1965), appeal dismissed, 385 U.S. 10, 87 S.Ct. 70, 17 L.Ed.2d 10 (1966)).
[87] Young Men's Christian Ass'n v. State, 62 Wash.2d 504, 506, 383 P.2d 497 (1963).
[88] State ex rel. Seattle Elec. Co. v. Superior Court, 28 Wash. 317, 325, 68 P. 957 (1902).
[89] See Laws of 1992, ch. 72; see page 608, supra, for text of the title.
[90] Id.
[91] Young Men's Christian Ass'n, 62 Wash.2d at 506, 383 P.2d 497.
[92] See Laws of 1992, ch. 72, § 11.