966 P.2d 1271 (1998)
136 Wash.2d 845
Certification from the United States District Court for the Western District of Washington in Jeannette PATRICE, Plaintiff,
v.
Patrick MURPHY; Michael O. Lively; J. Bodmer; N. Preslar; William Harper; and J. Does 1 to 10, Defendants.
Jeannette PATRICE, Plaintiff,
v.
CITY OF SNOHOMISH; and Snohomish County, Defendants.
No. 66568-1.
Supreme Court of Washington, En Banc.
Argued September 24, 1998.
Decided November 19, 1998.
Jim Sweetser, Spokane County Pros., Martin Muench, Kathryn Lee, Spokane County Pros. Deputies, Spokane, Amicus Curiae on behalf of Washington State Association of Prosecuting Attorneys.
Keating, Bucklin & McCormack, Stewart Estes, Seattle, Keithly & Weed, Grant K. Weed, Snohomish, for Defendants.
*1272 Stokes, Eitelbach & Lawrence, Scott A.W. Johnson, Claudia M. Balducci, Laura Buckland, Alexander J. Higgins, Seattle, for Plaintiff.
JOHNSON, J.
The United States District Court, Western District of Washington, certified the following question under RCW 2.60:
Whereas RCW 2.42.120, pertaining to "Interpreters in Legal Proceedings" involving the hearing impaired, was added by way of House amendment to Senate Bill No. 4155 (and ultimately enacted as § 12 of Ch. 389 of the Laws of 1985), and whereas the stated subject matter of Senate Bill No. 4155 pertained to "Changing the Definition of Court Costs a Convicted Defendant may be Required to Pay," and whereas the title of Senate Bill No. 4155 as enacted was ordered to stand as "An Act Relating to the court costs; amending RCW 10.01.160, 27.24.070, 3.46.120, 3.50.100, 3.62.010, 3.62.040, 10.82.070, 35.20.220, 36.18.025, and 2.42.050; adding new sections to Ch. 2.42 RCW; providing an effective date; and declaring an emergency," was the enactment of RCW 2.42.120 violative of Article II, Section 19, of the Washington Constitution thereby rendering the statute invalid as the title of the Bill does not describe its subject matter, and as the Bill contains two unrelated subjects?[[1]]
Order on Question for Certification to the Washington State Supreme Court at 2.

FACTS
Most of the facts in this case are disputed by the parties. However, for purposes of this court's review, a skeletal framework of the essential facts has been stipulated to by both parties. On January 22, 1994, City of Snohomish police officers responded to the scene of a domestic violence call. The domestic violence involved Jeannette Patrice and her then husband, James Roth, both of whom are deaf. There was no qualified American Sign Language (ASL) interpreter present. The officers communicated with Patrice and Roth using written notes. A written statement was taken from Patrice. After questioning the parties in this manner, Patrice was arrested and charged with fourth degree assault, domestic violence. The criminal charge is not before this court.
In early 1997, Patrice commenced suit in the United States District Court, Western District of Washington against two defendant groups: Snohomish County and several of its officials, and the City of Snohomish and several of its officials (City Defendants), alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131-12133; the Federal Civil Rights Act, 42 U.S.C. § 1983; and several state law tort theories. Snohomish County and its county officials are no longer parties to this specific matter. Within her state law tort theories, Patrice alleges a violation of RCW 2.42.120, an act amending Washington's interpretation statute. Specifically, Patrice contends that the failure to provide Patrice with a qualified ASL interpreter during administration of her Miranda[2] rights and during her interrogation violated her rights under RCW 2.42.120. Patrice's claim is based on sections (4) and (5) of RCW 2.42.120, which provide:
(4) If a law enforcement agency conducts a criminal investigation involving the interviewing of a hearing impaired person, whether as a victim, witness, or suspect, the appointing authority shall appoint and pay for a qualified interpreter throughout the investigation. Whenever a law enforcement agency conducts a criminal investigation involving the interviewing of a minor child whose parent, guardian, or custodian is hearing impaired, whether as a victim, witness, or suspect, the appointing authority shall appoint and pay for a qualified interpreter throughout the investigation. No employee of the law enforcement agency who has responsibilities other *1273 than interpreting may be appointed as the qualified interpreter.
(5) If a hearing impaired person is arrested for an alleged violation of a criminal law the arresting officer or the officer's supervisor shall, at the earliest possible time, procure and arrange payment for a qualified interpreter for any notification of rights, warning, interrogation, or taking of a statement. No employee of the law enforcement agency who has responsibilities other than interpreting may be appointed as the qualified interpreter.
Patrice moved for partial summary judgment, requesting the United States District Court declare the arresting officers violated RCW 2.42.120. City Defendants, in their opposition to Patrice's motion, argued the enactment of RCW 2.42.120 violates the Washington State Constitution. City Defendants further filed two motions: a motion for certification to this court and a cross motion for summary judgment.
On March 11, 1998, the Honorable Carolyn R. Dimmick granted by order the motion by City Defendants seeking certification. Judge Dimmick certified two questions of state law to the court, only one of which remains viable.

LEGISLATIVE HISTORY
RCW 2.42.120 was introduced on February 8, 1985 into the Washington State Legislature as Senate Bill 4155. At the time the bill was introduced, its title read: "AN ACT Relating to court costs; and amending RCW 10.01.160" (RCW 10.01.160 is contained in the criminal procedure act and concerns "costs"). Senate Journal, 49th Leg., Reg. Sess. 262 (1985). Senate Bill 4155's description was limited to "[c]hanging [the] definition of court costs a convicted defendant may be required to pay." Senate Journal at 375. In this form, it added only the following new language to RCW 10.01.160: "Expenses incurred for serving of warrants for failure to appear may be included in costs the court may require a convicted defendant to pay." S. 4155, 49th Leg., Reg. Sess. 1 (1985). There was no language in the bill concerning either sign language interpreters or police investigations. It was in this form that the Senate passed the bill, ordering the title of the bill to stand as the title of the act. Senate Journal at 502. The bill was then sent to the House of Representatives for action.
House Bill 421, containing provisions relating to the appointment of interpreters for the hearing impaired, had been introduced into the House of Representatives on February 1, 1985. House Journal, 49th Leg., Reg. Sess. 121 (1985). After introduction, the bill was sent to the House Judiciary Committee for consideration. The Judiciary Committee failed to act on House Bill 421 within the time allotted for bills to pass out of committee.
Meanwhile, Senate Bill 4155 sat pending for over one month in the House of Representatives. During this time, its subject matter remained as "court costs." The day before that bill was voted on and approved by the House of Representatives an amendment, almost identical to House Bill 421, was attached to Senate Bill 4155 and approved. House Journal at 1399-1401. The proposed amendment added 10 new sections to the 1973 Interpreters in Legal Proceedings Act (Interpreters Act), RCW ch. 2.42. The new sections required the appointment of qualified ASL interpreters to assist witnesses in legal proceedings, including police street investigations and arrests.
Following this amendment, the bill then returned to the Senate where it was passed as amended by the Senate on April 23, 1985. Senate Journal at 2011-12. The Governor signed the bill into law and the title of the bill was ordered to stand as the title of the act. Laws of 1985, ch. 389. The final title of the revised bill reads:
COURT COSTSCOLLECTION AND REMITTANCE
AN ACT Relating to court costs; amending RCW 10.01.160, 27.24.070, 3.46.120, 3.50.100, 3.62.010, 3.62.040, 10.82.070, 35.20.220, 36.18.025, and 2.42.050; adding new sections to chapter 2.42 RCW; providing an effective date; and declaring an emergency.
Laws of 1985, ch. 389, at 1618 (emphasis added). The italicized words in the above *1274 quoted title are all that were added regarding the amendment made to the Interpreters Act.

ANALYSIS
The certified question from the United States District Court requests we examine the constitutionality of RCW 2.42.120. However, we decline to do so. Within the context of these proceedings, it is neither necessary nor prudent for us to address the constitutionality of the entire statute. Patrice limits her claim to relief under sections (4) and (5) of RCW 2.42.120. We, therefore, consider the constitutional fitness of those two sections only under article II, section 19 of the Washington State Constitution.
Article II, section 19 of the Washington State Constitution sets forth the requirement that the subject of a bill be expressed in its title and the bill contain only one subject. The constitutional provision reads: "No bill shall embrace more than one subject, and that shall be expressed in the title." Const. art. II, § 19.
Article II, section 19 serves to protect serious constitutional interests. This court has articulated these important interests and the court's role is vouchsafing them in a family of cases. The most succinct interpretation of this provision is in State ex rel. Toll Bridge Auth. v. Yelle, 32 Wash.2d 13, 24, 200 P.2d 467 (1948):
The purposes of this constitutional mandate are threefold: (1) to protect and enlighten the members of the legislature against provisions in bills of which the titles give no intimation; (2) to apprise the people, through such publication of legislative proceedings as is usually made, concerning the subjects of legislation that are being considered; and (3) to prevent hodge-podge or log-rolling legislation. We have declared that when laws are enacted in violation of this constitutional mandate, the courts will not hesitate to declare them void.
While the two requirements of this provision are often conflated when applying them to a specific set of facts, this court has nonetheless interpreted the provision as containing two separate prohibitions: "(1) No bill shall embrace more than one subject; and (2) the subject of every bill shall be expressed in the title." State ex rel. Toll Bridge Auth., 32 Wash.2d at 23, 200 P.2d 467. Violation of the prohibition that the title must reflect the bill's subject alone is sufficient to render the relevant bill provisions unconstitutional. Fray v. Spokane County, 134 Wash.2d 637, 654-55, 952 P.2d 601 (1998). Violation of the prohibition that no bill shall embrace more than one subject alone is sufficient to render the relevant bill provisions unconstitutional. Charron v. Miyahara, 90 Wash.App. 324, 950 P.2d 532 (1998). We find it sufficient to examine sections (4) and (5) of RCW 2.42.120 under the requirement that a bill's title reflect only its subject matter.
This court has long interpreted article II, section 19 to require the titles of bills give clear information as to their contents:
The wisdom of the rule suggests itself, in that the reader, whether a member of the legislature or otherwise, may, by a mere glance at a few catch words in the title, be apprised of what the act treats, without further search. Does the title of the act in question contain such a statement of the subject-matter?
State ex rel. Seattle Elec. Co. v. Superior Court, 28 Wash. 317, 321, 68 P. 957 (1902). This court has upheld this interpretation in more recent cases, stating the purpose of the constitutional provision is to "assure that the members of the legislature and the public are generally aware of what is contained in proposed new laws." State v. Thorne, 129 Wash.2d 736, 757, 921 P.2d 514 (1996) (citing Flanders v. Morris, 88 Wash.2d 183, 187, 558 P.2d 769 (1977); Washington Fed'n of State Employees v. State, 127 Wash.2d 544, 552, 901 P.2d 1028 (1995)).
RCW 2.42.120's title does not contain an adequate referent to the subject matter of sections (4) and (5). The title of the bill begins merely with these words, "AN ACT Relating to court costs ...," failing to mention anything about the inclusion of provisions relating to qualified ASL interpreters, legal proceedings, police investigations, or arrests. The title simply contains a bare *1275 numerical reference to the Interpreters Act, amending it merely by stating, "adding new sections to chapter 2.42 RCW...." As recent as last spring, this court upheld the principle that a "`mere reference to a section in the title of an act does not state a subject.'" Fray, 134 Wash.2d at 654-55, 952 P.2d 601 (quoting State ex rel. Seattle Elec. Co., 28 Wash. at 325, 68 P. 957).
While this court has cautioned, "`[t]he title to a bill need not be an index to its contents; nor is the title expected to give the details contained in the bill,'"[3] the larger body of case law finds this court requiring proposed legislation carry a title that "would lead to an inquiry into the body of the act, or indicate to an inquiring mind the scope and purpose of the law." Young Men's Christian Ass'n v. State, 62 Wash.2d 504, 506, 383 P.2d 497 (1963). The title of RCW 2.42.120 fails this standard.
RCW 2.42.120 has been interpreted by the Ninth Circuit Court of Appeals as establishing a private cause of action for damages if the statute's requirements are not complied with. Duffy v. Riveland, 98 F.3d 447 (9th Cir.1996). This holding supports a finding that the title of RCW 2.42.120 and the subjects of sections (4) and (5) are at odds with one another. One would not normally expect a statute whose title concerns procedural mattershere, "court costs"to contain statutory language establishing both a substantive legal right and a legal liability. Yet that is precisely how the statute is being invoked in this case. Patrice relies on sections (4) and (5) of the statute to support her civil cause for damages. Such a civil claim bears little affinity to "court costs."
Article II, section 19's prohibition requires a bill title give notice to the general public and, most especially, to parties whose rights and liabilities are affected by the bill. Sections (4) and (5) of RCW 2.42.120 fail to meet this requirement. In Potter v. Whatcom County, 138 Wash. 571, 245 P. 11 (1926), this court, under article II, section 19, overturned a statute on the basis that its title did not reference the parties most impacted upon by the legislation. Potter, 138 Wash. at 576, 245 P. 11. The unlawful act's provisions provided that the entire responsibility for replacing bridges costing in excess of $300 was to fall onto the county. The act's title merely read: "`An Act relating to townships and amending [certain sections] ... of Remington's Compiled Statutes....'" Potter, 138 Wash. at 576, 245 P. 11 (quoting Laws of 1923, ch. 13, p. 14). Because the title did not mention either the county or the county bridge replacement responsibility, this court found it violated article II, section 19. "The title of the 1923 act ... contains no reference to counties, their duties or liabilities; and yet ... [the act places] the whole responsibility for bridges costing in excess of three hundred dollars upon the county.... [A]rt. II, § 19 ... seems clearly to have been disregarded...." Potter, 138 Wash. at 576, 245 P. 11 (emphasis added).
Similarly, in the recent case of Fray, this court again interpreted article II, section 19 to require fair notice to those specific parties who would be most impacted upon by the legislation. A unanimous court found the statute unconstitutional because "[the bill's title] does not give fair notice that ... Plan II members no longer have the right to sue their employers...." Fray, 134 Wash.2d at 652, 952 P.2d 601 (quoting Fray v. Spokane County, 85 Wash.App. 150, 158-59, 931 P.2d 918 (1997)).
Applying this standard, it is determinative that the title of RCW 2.42.120 does not signal a reader to the hidden effect of the amendment's enactment, namely, the establishment of a duty and a civil cause of action for breaching the statute's provisions. Because Senate Bill 4155's title did not note this significant point, it did not provide sufficient notice to the law enforcement community that the scope of their liabilities and duties was expanding.
We hold the last minute "logrolling" of House Bill 421's provisions to Senate Bill 4155 resulted in a bill containing subjects at odds with its title. We, therefore, find sections (4) and (5) of RCW 2.42.120 unconstitutional under article II, section 19. We make no determination as to the constitutional *1276 soundness of the remaining hearing interpreter provisions in RCW 2.42.120, other than to note that they continue to stand. "`The Constitution does provide that if only one subject is embraced in the title, then any subject not expressed in the title that is embraced in the body of the act, may be rejected, and the part that is expressed in the title be allowed to stand....'" Power, Inc. v. Huntley, 39 Wash.2d 191, 200, 235 P.2d 173 (1951) (quoting Jackson v. State ex rel. S. Bend Motor Bus Co., 194 Ind. 248, 258, 142 N.E. 423 (1924)).
DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] The United States District Court originally certified two questions to this court. Both parties have since conceded the second question. They have agreed that RCW 2.42.120, if constitutional, provides an implied right of action for civil litigants. Accordingly, we examine only the remaining question.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).
[3] Washington Fed'n of State Employees, 127 Wash.2d at 555, 901 P.2d 1028 (quoting Treffry v. Taylor, 67 Wash.2d 487, 491, 408 P.2d 269 (1965)).