# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LANCE RAMSAY,<br><br>               Appellant,<br><br>       v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF<br>TRANSPORTATION; and UNKNOWN<br>DEFENDANTS 1-50,<br><br>               Respondents. | No. 84625-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Lance Ramsay was injured while working as a Washington State Patrol (WSP) Trooper. Because of his injuries, Ramsay collected workers' compensation benefits and ultimately retired from the WSP. Ramsay later sued the Washington State Department of Transportation (WSDOT) for negligence. Ramsay appeals the trial court's summary judgment dismissal of the negligence case. Ramsay argues that the trial court erred because he has a right to sue the State under RCW 41.26.281, which allows members of the Washington Law Enforcement Officers' and Firefighters' Retirement System Act (LEOFF), ch. 41.26 RCW to sue their employers.

Because Ramsay was not a member of LEOFF, the trial court did not err in granting WSDOT's motion for summary judgment. We affirm.

I

The facts are undisputed. Ramsay was commissioned as a WSP Trooper in 1992 and became a member of the WSP's benefits system known as the Washington State Patrol Retirement System (WSPRS). RCW 43.43.130.

On December 23, 2018, Ramsay was working as part of an escort detail when he lost control of his motorcycle and was ejected. Ramsay sustained serious injuries which permanently altered his ability to work as a WSP Trooper. Because of his injuries, Ramsay applied for and received workers' compensation benefits and vocational retraining from the Department of Labor and Industries. In August 2019, Ramsay retired from the WSP.

On December 7, 2020, Ramsay sued WSDOT and claimed his injuries were caused by their negligence. The trial court granted WSDOT's motion for summary judgment asserting that the Industrial Insurance Act (IIA), RCW 51.40.010, barred Ramsay's claim.

Ramsay appeals.

II

Ramsay argues that the trial court erred in dismissing his negligence action against WSDOT because he has a right to sue under RCW 41.26.281, which allows members of LEOFF to sue their employers. Because Ramsay was not a member of LEOFF, we disagree.

A

We review summary judgment orders de novo, considering the evidence and reasonable inferences in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Keck, 184 Wn.2d at 370; CR 56(c).

We also review statutory interpretation de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "The court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Campbell & Gwinn, 146 Wn.2d at 9-10. To determine legislative intent, we look to "all that the Legislature has said in the statute and related statutes." Campbell & Gwinn, 146 Wn.2d at 11. Only if the statute is ambiguous and susceptible to more than one meaning do we turn to other aids to construction, including legislative intent. Campbell & Gwinn, 146 Wn.2d at 12.

B

The Washington workers' compensation system, the IIA, is typically the sole remedy available to workers who are injured on the job. RCW 51.04.010; RCW 51.12.010. The IIA is a "grand compromise" that provides workers with swift and certain relief in a no-fault system. Walston v. Boeing Co., 181 Wn.2d 391, 396, 334 P.3d 519 (2014). In exchange for speedy and certain compensation and medical treatment, the IIA generally prohibits individuals who are injured on the job from suing their employers in tort. RCW 51.04.010.

LEOFF, however, provides an exception to the IIA bar and allows certain law enforcement officers and firefighters with another avenue of relief. RCW 41.26.281. LEOFF provides members with a cause of action against governmental employers for negligence as follows:

> If injury or death results to a member from the intentional or negligent act or omission of a member's governmental employer, the member, the widow, widower, child, or dependent of the member shall have the privilege to benefit under this chapter and also have cause of action against the governmental employer as otherwise provided by law, for any excess of damages over the amount received or receivable under this chapter.

RCW 41.26.281. The question before us is whether Ramsay was a member of LEOFF and can benefit from the exception.

1

While Ramsay admits that he is not a member of LEOFF, he argues that he has a cause of action under RCW 41.26.281 by virtue of his employment as a law enforcement officer with WSP. We disagree.

"It is an axiom of statutory interpretation that where a term is defined we will use that definition." U.S. v. Hoffman, 154 Wn.2d 730, 741, 116 P.3d 999 (2005). Under LEOFF, a "member" is defined as:

> any firefighter, law enforcement officer, or other person as would apply under subsection (17) or (19) of this section whose membership is transferred to the Washington law enforcement officers' and firefighters' retirement system on or after March 1, 1970, and every law enforcement officer and firefighter who is employed in that capacity on or after such date.

RCW 41.26.030(21). LEOFF defines a member "law enforcement officer" as "any person who is commissioned and employed by an employer on a full time, fully compensated basis to enforce the criminal laws of the state of Washington generally."

-4-

RCW 41.26.030(19). Thus, to be a law enforcement officer member under LEOFF, the individual must be employed by an "employer" as defined in the statute.

An "employer" is defined by LEOFF in two ways, depending on whether the person is a Plan 1 or Plan 2 member. LEOFF divides its members between Plan 1 for those who joined the system before October 1, 1977, and Plan 2 for those who joined on or after October 1, 1977.[1] The definition of a Plan 2 employer lists several entities, only one of which has the potential to include the WSP and that is "the governing body of any other general authority law enforcement agency." RCW 41.26.030(14)(b).[2] LEOFF also defines a general authority law enforcement agency to specifically exclude the WSP:

> any agency, department, or division of a municipal corporation, political subdivision, or other unit of local government of this state, and any agency, department, or division of state government, having as its primary function the detection and apprehension of persons committing infractions or violating the traffic or criminal laws in general, but not including the Washington state patrol.

RCW 41.26.030(18) (emphasis added).

---

[1] The Plan 1 employer definition is not helpful in our analysis as it applies only to those who joined the system before October 1, 1977. Ramsay became a WSP Trooper in 1991 and was commissioned in 1992.

[2] RCW 41.26.030(14)(b) defines "Employer" for Plan 2 members as:

the following entities to the extent that the entity employs any law enforcement officer and/or firefighter:

(i) The legislative authority of any city, town, county, district, public corporation, or regional fire protection service authority established under RCW 35.21.730 to provide emergency medical services as defined in RCW 18.73.030;

(ii) The elected officials of any municipal corporation;

(iii) The governing body of any other general authority law enforcement agency;

(iv) A four-year institution of higher education having a fully operational fire department as of January 1, 1996; or

(v) The department of social and health services or the department of corrections when employing firefighters serving at a prison or civil commitment center on an island.

Thus, under the plain defined terms in LEOFF, a "law enforcement officer" must be employed by a defined "employer," and the definition of "employer" excludes the WSP. Because Ramsay was employed by the WSP, he is not a member of LEOFF. Because only members of LEOFF can sue their employer in tort, Ramsay's claim fails under the plain language of the statute.

2

Ramsay relies on Fray v. Spokane County, 134 Wn.2d 637, 655, 952 P.2d 601 (1998), to support his assertion that LEOFF applies to all law enforcement officers. In Fray, the question before the Supreme Court was whether a Plan 2 member retained the right to sue considering the legislature made Plan 2 members eligible for IIA benefits in 1977. 134 Wn.2d at 645-48. The court determined that the legislature intended to confer both IIA and LEOFF benefits by making Plan 2 members eligible for IIA benefits while at the same time not restricting the right to sue. Fray, 134 Wn.2d at 648-49.

Contrary to Ramsay's assertion, Fray did not expand the right to sue to apply beyond LEOFF Plan 1 or Plan 2 membership. Instead, the Supreme Court clarified Plan II membership rights in light of the legislative history and the plain language of LEOFF. The Supreme Court's decision in Fray did not extend the right of members of LEOFF to sue their employer to nonmembers. The right to sue under LEOFF is limited to its defined members.

3

Ramsay also argues that 1971 amendments to LEOFF granted all law enforcement officers the right to sue their employers in tort and the later adoption of the WSPRS did not take away that right. We disagree.

First, the 1971 amendments to LEOFF did not grant all law enforcement officers the right to sue their employers in tort. Instead, in 1971, the legislature amended RCW 41.26 to provide "members" of LEOFF the right to sue their employers in tort. Laws of 1971, 1st Ex. Sess., ch. 257, § 15 (codified at RCW 41.26.281); Fray, 134 Wn.2d at 643-44 (discussing the legislative history of LEOFF).[3] At that time, the statute defined a "member" as a firefighter or law enforcement officer who was enrolled in the retirement system or was employed in that capacity on or after March 1, 1970. Laws of 1971, 1st Ex. Sess., ch. 257, § 6(8). "Law enforcement officer" was narrowly defined to those serving as county sheriffs or deputy sheriffs, city policy officers, town marshals, or deputy marshals. Laws of 1971, 1st Ex. Sess., ch. 257, § 6(3). The definition did not include WSP troopers.

Second, the WSPRS is a separate and distinct retirement system from LEOFF. See Callecod v. Wash. State Patrol, 84 Wn. App. 663, 672, 929 P.2d 510 (1997) ("The Washington State Patrol's disability requirements are governed by an exclusive statute and regulations that are not tied by analogy or otherwise to the LEOFF system."). Because they are two distinct systems, Ramsay's argument that the legislature intended the right to sue provision in LEOFF to apply to the WSPRS fails. If the legislature had intended to grant WSP Troopers the right to sue their employer, it could have done so.

The trial court did not err in granting WSDOT's motion for summary judgment.

---

[3] In those same amendments, the legislature removed LEOFF members from coverage under the IIA and abolished all civil cause of action for personal injury against LEOFF members' employers except those provided for in LEOFF. Laws of 1971, 1st Ex. Sess., ch. 257, § 14 (codified at RCW 41.26.270); Fray, 134 Wn.2d at 644.

No. 84625-6-I/8

We affirm.

_____ Mann, J.

WE CONCUR:

_____ Coburn, J.

_____ Bowman, J